Castro Velasquez v. Garland

BIA
Wright, IJ
A205 308 394

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

JUAN CASTRO VELASQUEZ,
> *Petitioner,*

v.                                                                    **22-6023**
                                                                      **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Mitchell Zwaik, Zwaik, Gilbert & Associates, Ronkonkoma, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Jessica A. Dawgert, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in remaining part.

Petitioner Juan Castro Velasquez, a native and citizen of Guatemala, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"),[1] and cancellation of removal. *In re Juan Castro Velasquez*, No. A 205 308 394 (B.I.A. Dec. 15, 2021), *aff'g* No. A 205 308 394 (Immig. Ct. N.Y. City Oct. 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified

---

[1] Castro Velasquez does not challenge the BIA's determination that he waived his claim for protection under the Convention Against Torture. We therefore deem that claim abandoned. *See Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

and supplemented by the BIA. *See Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

I. Cancellation of Removal

We deny the petition as to cancellation of removal. A nonpermanent resident, like Castro Velasquez, is ineligible for cancellation of removal if he has been "convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3)." 8 U.S.C. § 1229b(b)(1)(C). Thus "a crime of child abuse, child neglect, or child abandonment," *id.* § 1227(a)(2)(E)(i), *or* "a crime involving moral turpitude . . . for which a sentence of one year or longer may be imposed," *id.* § 1227(a)(2)(A)(i), will bar cancellation. In 2012, Castro Velasquez pleaded guilty to endangering the welfare of a child under New York Penal Law § 260.10(1). The agency correctly concluded that he is ineligible for cancellation because that conviction is "a categorical match with the BIA's definition of 'crime of child abuse.'" *Matthews v. Barr*, 927 F.3d 606, 618–20, 623 (2d Cir. 2019). His argument that a New York

3

law reducing maximum sentences for misdemeanors precludes a finding that his conviction bars cancellation of removal as a crime involving moral turpitude for which a sentence of one year or more may be imposed is thus not relevant here.

II.    Asylum

We dismiss the petition as to asylum.   An applicant is ineligible for asylum "unless [he] demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of . . . arrival in the United States." 8 U.S.C. § 1158(a)(2)(B).   As relevant here, an application may be considered outside the deadline "if the alien demonstrates . . . the existence of changed circumstances which materially affect the applicant's eligibility for asylum."   *Id.* § 1158(a)(2)(D).

Our jurisdiction to review the findings regarding the timeliness of an asylum application and the circumstances excusing untimeliness is limited to "constitutional claims or questions of law."   *Id.* § 1252(a)(2)(D); *see id.* § 1158(a)(3). A question of law may arise where the agency applied an incorrect legal standard. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2007).   For jurisdiction to attach, such claims must be colorable.   *Id.* at 40–41.

Castro Velasquez argues that the IJ erred by not citing authority for the

4

holding that his brother's kidnapping was not a changed circumstance because it "stemmed from the same problem and the same source" as the earlier harm. Pet. Br. at 18; *see id.* at 29. However, we "review the IJ's decision as modified by the BIA." *Wei Sun*, 883 F.3d at 27; *Yan Chen*, 417 F.3d at 271. The BIA provided a sufficient explanation and authority for its conclusion that Castro Velasquez failed to identify a change that was not "premised on the same fear of the [same people] he possessed prior to coming to the United States, as well as the same protected ground." *Matter of D–G–C–*, 28 I & N. Dec. 297, 301 (B.I.A. 2021); *see* Cert. Admin. R. at 5.

III. Withholding of Removal

We deny the petition as to withholding of removal. The applicant has the burden to establish that his "life or freedom would be threatened . . . because of . . . race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see also Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (deferring to BIA's decision that protected ground must be "one central reason" for the persecution).

Castro Velasquez asserted that his cousins in MS-13 targeted him because of his membership in the social group of "immediate family members of [his

5

father]" because of a feud between his cousins and his father. Pet. Br. at 33. The IJ found that he did not corroborate this nexus with a letter or testimony from his father, or any other family member. The BIA deemed any challenge to this holding waived because Castro Velasquez did not raise it on appeal. Thus, the claim is unexhausted and not properly before us. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (holding that issue exhaustion is mandatory when, as here, invoked by the government).

Castro Velasquez exhausted his claim that he will be targeted based on his political opinion, but we find no error in the agency's denial of relief on that basis. "[T]o prevail on a . . . claim based on political opinion, [an applicant] must . . . first . . . specify the *political* opinion on which he or she relies." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 197 (2d Cir. 2021) (emphasis in original and internal quotation marks omitted). "[T]o qualify as a 'political opinion,' an opinion must involve some support for or disagreement with the belief system, policies, or practices of a government and its instrumentalities." *Id*. at 199. Castro Velasquez refused gang members' efforts to recruit him and asked his cousins and other gang members to leave him alone, but he did not make statements that he disapproved of the gang, much less statements that rose to the

6

level of a political opinion. Merely refusing to join a gang and objecting to its presence does not constitute a political opinion. *Id.* at 201 ("opposition to criminal elements such as gangs, even when such opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction" (emphasis in original)).

For the foregoing reasons, the petition for review is DISMISSED in part as to asylum and DENIED in remaining part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court